IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Steven Sakaski Robinson, | ) | C/A No. 4:20-cv-00799-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| William F. Nettles, IV, A.F.P.D., | ) | |
| In his individual and official capacity, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on two matters: (1) a review of the April 13, 2020 Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III (the "Report") and (2) a motion for an Article III judge (the "Motion") filed by Plaintiff Steven Sakaski Robinson ("Plaintiff"). Each is addressed, in turn.

**I. Review of the Report.**

In the Report, the Magistrate Judge recommends dismissing the action with prejudice and without issuance of service of process. [ECF No. 18.] Plaintiff was advised of his right to file objections to the Report. *Id.* No party filed objections to the Report, and the time for response has lapsed.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for

1

adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, and incorporates the Report by reference herein.

## II.  Review of the Motion.

In the Motion, Plaintiff states that he "does not consent to proceed under United States Magistrate Judge Thomas E. Rogers, III," ECF No. 20 at p.1, and "request[s] an Article III judge," *id.* at p.2.  The Motion before this court raises similar arguments[1] to those presented by Plaintiff in a recusal motion filed on March 26, 2020.  [*See* ECF No. 13.]  For the reasons outlined below, the court finds that Plaintiff's consent to reference was not necessary.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule (D.S.C.) 73.02(B)(2)(e), all pretrial matters involving pro se litigants are referred to a magistrate judge for consideration.  More specifically, Local Civil Rule 73.02 governs both consensual references and automatic references.  When an individual is proceeding pro se, as here, the case is *automatically* referred to a magistrate judge upon filing.  Local Civil Rule (D.S.C) 73.02(B)(2)(e).  Moreover, pursuant to 28 U.S.C. 636(b)(1)(B), a district court may, without the party's consent, designate a magistrate judge to consider dispositive motions and submit "proposed findings of fact and recommendations for the disposition, by a judge of the court[.]"  The party may then object to

---

[1] To the extent the Motion can be construed as an objection to the Report's decision on the recusal motion, Plaintiff fails to identify any specific error in the Report.  Instead, Plaintiff simply restates his position and "request[s] an Article III judge."  [ECF No. 20 at p.1.]  As a result, the objections are general, non-specific and, finding no clear error, the court adopts the Report's decision on the recusal motion.

the written recommendation of the magistrate judge. *Id.* at § 636(b)(1). As a result, the district judge makes the ultimate decision on any dispositive motion. The court finds that the referral to the Magistrate Judge in this case was in accordance with the local civil rules and did not require the consent of Plaintiff. *Id.* at § 636(b)(4) (giving district court authority to "establish rules pursuant to which the magistrates shall discharge their duties"); *see also Reaves v. City of Mullins*, No. 4:09-cv-816, 2011 WL 116834, at *3 (D.S.C. Jan. 12, 2011) ("Therefore under the standing rules by the United States District Court, District of South Carolina—an Article III court—this case was automatically assigned to the magistrate judge[.]"). The Motion is denied.

### III. Conclusion.

In accordance with the foregoing, the Report, ECF No. 18, is adopted, the case is **DISMISSED** with prejudice, without issuance of service of process, and without an additional opportunity to amend.[2] Further, the Motion for Article III Judge, ECF No. 20, is **DENIED**.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

May 5, 2020
Florence, South Carolina

---

[2] As noted in the Report, Plaintiff was previously notified of the deficiencies in his pleading, was given an opportunity to amend his complaint, and did not correct the deficiencies. [ECF No. 18 at p.5.] Accordingly, this court is exercising its discretion to dismiss the matter without further leave to amend. *Goode v. Central Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619 (4th Cir. 2015).